UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY JOE BARBER, III,<br><br>                    Plaintiff,<br><br>       v.<br><br>KITSAP SUPERIOR COURT, *et al.*,<br><br>                    Defendants. | CASE NO. 3:24-cv-05635-TMC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 1, 2024 |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Plaintiff Danny Joe Barber, III, proceeding *pro se*, filed a proposed § 1983 Complaint on July 29, 2024. Dkt. 1-1. Plaintiff filed an Application to Proceed *In Forma Pauperis* ("IFP"), but did not provide a certified copy of his prison trust account statement. *See* Dkt. 1.

On August 6, 2024, the Clerk of Court sent Plaintiff a letter notifying Plaintiff that he had failed to meet the IFP Application filing requirements by not providing the prison trust account statement. Dkt. 3. On the following day, August 7, 2024, the Clerk of Court sent Plaintiff an amended letter notifying him that he had also filed the incorrect IFP form. Dkt. 4. The Clerk

REPORT AND RECOMMENDATION - 1

1 enclosed an appropriate IFP Form for Plaintiff's convenience. *See id*. Additionally, the Clerk of
2 Court instructed Plaintiff to return the requested documentation to the Court by September 6,
3 2024. *Id*. The Clerk also warned Plaintiff that if he did not respond to the letter by September 6,
4 2024, the action may be subject to dismissal. *Id*.

5 On August 19, 2024, Plaintiff partially corrected his IFP Application with the filing of his
6 prison trust account statement, but he failed to file a completed and signed IFP Form. *See* Dkt. 6.
7 As a result, on August 22, 2024, the Clerk of Court sent Plaintiff a second amended letter
8 informing Plaintiff that he had failed to complete and sign his IFP Form and instructing him to
9 return a completed and signed IFP Form to the Court by September 23, 2024. Dkt. 7. The Clerk
10 also enclosed a copy of the IFP Form for Plaintiff's convenience. *See id*. Finally, the Clerk
11 warned Plaintiff that if he did not respond to the letter by September 23, 2024, the action may be
12 subject to dismissal. *Id*.

13 Plaintiff has not responded to the Clerk of Court's second amended letter and has not
14 returned the requested document to the Court. As Plaintiff has failed to prosecute this case, the
15 Court recommends this case be **DISMISSED without prejudice**. Further, as Plaintiff has not
16 prosecuted this case, the Court finds an appeal would not be taken in good faith.

17 Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties
18 shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.
19 R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of
20 *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of
21 those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*
22 *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).
23 //
24

REPORT AND RECOMMENDATION - 2

1 | Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the
2 | matter for consideration on November 1, 2024, as noted in the caption.
3 | Dated this 18th day of October, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3